UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                    Chapter 11

41-23 Haight Street Realty, Inc.,                                      Case No. 19-43441-nhl

                Debtor.
---------------------------------------------------------------x

**ORDER: (I) APPROVING THE TERMS AND CONDITIONS OF SALE OF THE DEBTOR'S REAL PROPERTY; (II) APPROVING THE NOTICE TERMS FOR THE DEBTOR'S REAL PROPERTY; (III) APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, SECURITY INTERESTS AND OTHER INTERESTS TO THE SUCCESSFUL BIDDER(S) AT THE SALE; AND
(IV) GRANTING RELATED RELIEF**

Upon the motion (the "Sale Procedure Motion")[1] of Gregory Messer, solely in his capacity as the Chapter 11 Trustee (the "Trustee") of ~~the~~ 41-23 Haight Street Realty, Inc. ~~a/k/a 41-23 Haight Realty Inc.~~ *(NHL)* (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking ~~an order scheduling a hearing on shortened notice and the~~ *(NHL)* entry of an order, pursuant to 11 U.S.C. §§ 105 and 363 (the "Bankruptcy Code") and Rules 2002 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the Trustee to proceed with public auction sale (the "Sale") Debtor's real properties in Queens County identified as Block 5063, Lots 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 55 and also known as 41-09 through 41-31 Haight Street, Flushing, New York 11355 (collectively, the "Real Property"); (ii) approving the Terms and Conditions of Sale (the "Sale Terms") and the Notice of Sale; (iii) approving the Sale of Debtor's Real Property, free and clear of all liens, claims and encumbrances, security interests and other interests (collectively, the "Liens"), to the successful bidder(s) at the Sale; (iv) scheduling a hearing to confirm the results of the Sale; and (v) approving and granting such other,

---

[1]     Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Sale Procedure Motion and/or the Sale Terms.

further and different relief as this Court deems just and proper; and upon the order scheduling a hearing on shortened notice of the Sale Procedure Motion (the "Scheduling Order"); and upon the Affidavit of Service evidencing proof of service of the Sale Procedure Motion and the Scheduling Order; ~~and upon no objections having been filed;~~ *(NHL)* and a letter in support of the ***Sale Procedure (NHL)*** Motion having been filed by the Petitioning Creditors on March 23, 2020 [ECF No. 122]; and a limited objection ***to the Sale Procedure Motion (NHL)*** having been filed by Chen Xia Liu and Chen Hua Liu (the "Lius"), through counsel, on March 24, 2020 (the "Lius Objection") [ECF No. 124]; and upon the ***Sale Procedure Motion (NHL)*** having come on to be heard before the Court on March 24, 2020, at ***a telephonic hearing (NHL)*** (the "Hearing"), the transcript of which is incorporated by reference herein; and no additional notice or hearing being required; and, based upon the Sale Procedure Motion and the representations made to the Court at the Hearing, it now appearing that the relief requested in the Sale Procedure Motion is in the best interests of the Debtor's estate; and after due deliberation thereon and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT**:[2]

A.   This Court has jurisdiction to hear and determine the Motion and all related matters pursuant to 28 U.S.C. §§ 1334 and 157 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York, dated December 5, 2012. Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

B.   The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Procedure Motion, including this Court's approval of: (i) the Sale of

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

the Debtor's Real Property; (ii) approving the Sale Terms and the Notice of Sale; and (iii) approving the Sale of Debtor's Real Property, free and clear of all Liens, to the successful bidder(s) at the Sale.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Sale Procedure Motion is approved and the Trustee is authorized to proceed with the Sale of the Real Property, provided, however, the Sale of the Real Property shall remain subject to the entry of the Sale Confirmation Order, which shall be required as a condition to approval of any such Sale.

2. The Lius Objection is overruled. However, nothing by this Order shall prejudice: (a) the Lius' rights, if any, to object to confirmation of the sale of the Real Property or to assert a lien on the proceeds of the sale that is subordinate to the Lender, or (b) any parties' rights, if any, to oppose any objection to confirmation of the sale of the Real Property or any lien asserted by the Lius.

3. The Sale Terms annexed hereto as **Exhibit A** are approved and shall govern the Sale of the Real Property. The Sale Terms are incorporated herein by reference and shall constitute the Order of this Court even if not included specifically in this Order.

4. The Notice of Sale annexed hereto as **Exhibit B** is approved.

5. The Real Property will be sold: (a) "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such personal property; and (b) free and clear of any and all claims, interests, liens, encumbrances and other Liens of whatever kind or nature, with any Liens to attach to the net proceeds of sale in the same amount and priority as they existed as of the date of the closing of the Sale of all or the applicable part of the Real Property.

6. The Trustee shall cause a copy of the Notice of Sale to be served on not less than twenty-one (21) days prior to the Sale, which is scheduled for April 23, 2020 at 10:00 a.m. (the "<u>Initial Scheduled Sale Date</u>") upon the following parties:

i. The Debtor, through its counsel;

ii. The United States Trustee;

iii. Entities who have requested notice under Bankruptcy Rule 2002;

iv. Entities who filed proofs of claim against the Debtor's estate with the Court;

v. All entities known or reasonably believed to have asserted a Lien on the Real Property;

vi. All creditors listed on the Debtor's petitions and schedules;

vii. All persons who made their interest in the Real Property known to Maltz and Co. or Rosewood Realty LLC;

viii. All persons that have asserted in this case that they had a pre-petition contract to purchase any part of the Real Property;

ix. All affected federal, state and local regulatory and taxing authorities, including the Internal Revenue Service, the New York State Department of Taxation and Finance, and the New York City Department of Finance;

x. The United States Attorney for the Eastern District of New York;

xi. The Office of the New York State Attorney General;

xii. The Corporation Counsel for the City of New York; and

xiii. All entities that have filed a Notice of Appearance in this case.

7. The Trustee shall publish a notice of the Sale in *New York Real Estate Journal*, *New York Times*, *Real Estate Weekly*, and *Epoch Times* once at least fifteen (15) days prior to the Initial Scheduled Sale Date.

8. The notice set forth herein above shall constitute adequate, good and sufficient notice of the Motion, the relief requested therein, and the Sale, and no other or further notice of the Motion, the relief requested therein, and the Sale shall be necessary or required.

9.  In accordance with Local Rule 6004-1(f), within 21 days after the Sale, Co-Brokers shall file a report with the Court and transmit a copy of the report to the United States Trustee.

10. To the extent a subsequent Sale is scheduled by the Trustee, not less than twenty-one (21) days' notice of such Sale shall be provided in the same manner provided herein. Such notice shall constitute good and sufficient notice of such Sale, and no other or further notice of such Sale shall be necessary or required.

11. A *telephonic (NHL)* hearing to confirm the results of the Sale and for the entry of an Order confirming the Sale of the Real Property to the highest or best bidder(s) from the Sale *(the "Telephonic Sale Hearing") (NHL)* is scheduled for **April 28, 2020 at 10:30 a.m.** ~~at the Bankruptcy Court located at 271 Cadman Plaza East, Brooklyn, New York 11201~~. *The dial-in instructions for the Telephonic Hearing are as follows:*

   1. *Dial in Number: 888-363-4734*
   2. *Access Code – 4702754*
   3. *Announce who you are each time before speaking*
   4. *Avoid the use of a speaker phone*
   5. *All persons not speaking should mute their phones*
   6. *Speak up and enunciate so that you can be heard and understood*

   *Please note that you should call in for the time in which your hearing is scheduled so that you avoid missing the call of your case. Additionally, depending on where your case is on the calendar, you may have to wait for a time with your phone on mute until your case is called (NHL).*

12. The Trustee, in consultation with the Lender, is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order, including expending such reasonable funds as may be necessary to effectuate service of the Notice of Sale, provided that the 41-31 Haight Street Lender LLC (the "Lender") consents to any such costs and expenses.

13. Notwithstanding anything to the contrary whatsoever, (i) the Lender may, at any Sale of all or any part of the Real Property, credit bid all or any part of its claims based on its pre-

petition loans and/or post-petition loans, up to the full amount asserted by Lender on the date of any Sale pursuant to the Sale Terms, provided however, the Lender shall not be required to deliver any deposit to the Trustee or pay the Buyer's Premium.

14. The Trustee is hereby directed to pay and satisfy from the proceeds of any Sale, within three business days that the proceeds of any Sale have cleared the Trustee's account, all sums due to the Lender, on account of both the Lender's pre-petition loans to the Debtor and the Lender's post-petition loans to the Debtor's estate, through and including the date of payment of such loans in such amounts as the Lender shall advise the Trustee in a written payoff letter on or after the closing date of the Sale, and the Trustee's payment to Lender shall constitute conclusive approval of the amounts owed to the Lender.

15. All Liens shall immediately attach to the proceeds of Sale of the Real Property in the same priority and extent as they existed on the date of the closing date of the Sale of all or the applicable part of the Real Property; and without limiting the foregoing, the Lender shall have a first priority lien on all of the proceeds of sale of the Real Property.

16. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.



Dated: March 30, 2020  
Brooklyn, New York

_____  
**Nancy Hershey Lord**  
**United States Bankruptcy Judge**