SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
41-31 HAIGHT STREET LENDER LLC,

         Plaintiff,

      Index No. 716119/2018

    v.

41-23 HAIGHT REALTY INC., BO JIN ZHU, NEW YORK
STATE DEPARTMENT OF TAXATION & FINANCE;  **AFFIRMATION IN**
CITY OF NEW YORK DEPARTMENT OF FINANCE;   **SUPPORT OF THE**
ENVIRONMENTAL CONTRO BOARD OF THE CITY OF  **MOTION TO INTERVENE**
NEW YORK; LDWS LLC; T.&J. LLC; WEI X. CHEN; LI
ZANG ZHENG, a/k/a LI FANG ZHENG; AMY JOHNSON,
a/k/a WEN MEI WANG; WLZ NEW YORK LLC, a/k/a
WLZ NEW YORK LLC; ZI YING CHEN; JOHN AND
JANE DOES 1-50 XYZ CORP. 1-50,

The names of the John and Jane Does 1-50 defendants and
XYZ Corp. 1-50 defendants being fictitious and unknown to
the plaintiff and represent persons or parties, corporations or
entities having an interest in or lien against the premises
sought to be foreclosed herein, as owner, licensee, occupant
or otherwise.

         Defendants.
-------------------------------------------------------------------------X

  KEVIN K. TUNG, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms under penalty of perjury:

  1.  I am a member of KEVIN KERVENG TUNG, P.C., attorneys for the proposed intervenors-defendants Hok Kwai Chau ("Chau") and Chun Yin Chen ("Chen"). I am fully familiar with the pleadings, facts and circumstances in this matter.

  2.  I submit this affirmation is support of the proposed intervenors-defendants' motion to intervene. Chau and Chen are shareholders of the defendant 41-23 Haight Realty Inc. ("Haight Realty").

3. The intervenors' motion should be granted pursuant CPLR 1012(a)(3) and CPLR 1013 because the intervenors' interests will be adversely affected by this foreclosure action and this motion to intervene is timely and will not prejudice the rights of any of the parties.

## BACKGROUND

4. On or about April 18, 2017, defendant Bo Jin Zhu (president of Haight Realty), on behalf of Haight Realty, entered into a loan transaction with a lender called G4 18171, LLC. To memorialize and secure the loan, Bo Jin Zhu executed a promissory note (in the amount of $9,500,000) and a mortgage (the "First Note" and "First Mortgage"). Later, the First Note and Mortgage were assigned to the Plaintiff 41-31 Haight Street Lender LLC ("Lender").

5. On or about May 26, 2017, Bo Jin Zhu made Haight Realty enter into a second loan transaction with the Lender. As a result, a promissory Note (in the amount of $1,750,000) and a Mortgage (the "Second Note" and "Second Mortgage") were executed, delivered and recorded.

6. On October 22, 2018, the Lender filed this action to foreclosure both the First and the Second Mortgages. See NYSCEF DOC. Nos 1-16 and a copy of which is attached hereto as **Exhibit A**.

7. The real property used as security for the foreclosed mortgages is the major asset of the defendant Haight Realty. The identification of the property is described as follows: Block 5063, Lots 55, 53 (f/k/a p/o old lots 53 & 55), 52 (f/k/a p/o old lots 53 & 42), 51, 50, 49, 48, 47, 46, 45, 44 (f/k/a p/o old lot 42) in Queens County and commonly known as 41-09, 11, 13, 15, 17, 19, 21, 23, 25, 27, 31 Haight Street, Flushing, New York.

8. However, Haight Realty has two other shareholders, beside Bo Jin Zhu. Both of them were not informed about the loan transactions at issue. See Chau's Aff. at 3; Chen's Aff. at 3.

9. Bo Jin Zhu, as the president of defendant Haight Realty, signed all the loan documents in this case and he even served as a guarantor for the above-mentioned loan transactions. But Bo Jin Zhu's execution of these loan documents had never been authorized by the board of directors of Haight Realty. See Chau's Aff. at ¶10; Chen's Aff. at ¶10.

10. Bo Jin Zhu committed breach of fiduciary duty, fraud and collusion by executing the loan agreements and pledging company's real property as security without authorization of the board of directors of Haight Realty. See the proposed Intervenors' Answer with Crossclaims and Counterclaims attached hereto as **Exhibit B**. Also see Chau's Aff. at ¶12; Chen's Aff. at ¶12.

## LEGAL ARGUMENT

11. In New York, the right of a stockholder to intervene for the purpose of asserting a defense to an action against the corporation has been recognized. *Flanson Realty Corp. v. Workers' Unity House*, 229 A.D. 179 (1st Dep't 1930); *Manahan v. Petroleum Producing & Refining Co.*, 198 A.D. 192 (1st Dep't 1921). Intervention has been permitted on a showing that the actions of the corporate officers have been fraudulent. *Manahan v. Petroleum Producing & Refining Co.*, 198 A.D. 192, 189 N.Y.S. 127 (1st Dep't 1921).

12. CPLR1012(a)(3) provides that, upon a timely motion, a person is permitted to intervene in an action as of right when, among other things, "when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment." CPLR 1012; See also *Auerbach v Bennett*,

64 AD2d 98, 101 (2d Dept 1978), mod, 47 NY2d 619 (1979) (a nonparty shareholder's right of intervention was recognized).

13. In addition, the court, in its discretion, may permit a person to intervene, inter alia, "when the person's claim or defense and the main action have a common question of law or fact." CPLR 1013; see *Leonard v Planning Bd. of Town of Union Vale*, 136 AD3d 866, 867-868 (2016); *Trent v Jackson*, 129 AD3d at 1062; *Spota v County of Suffolk*, 110 AD3d at 786; *Global Team Vernon, LLC v Vernon Realty Holding, LLC*, 93 AD3d 819, 820 (2012).

14. Under CPLR 1013, one of the most important considerations for the court is whether the proposed intervenor has a "real and substantial interest in the outcome of the proceedings." See also *Berkoski v Bd. of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 843 (2d Dept 2009). In addition, CPLR 1013 specifies three other factors that are relevant to the court's exercise of discretion: the potential for undue delay in the determination of the action, the potential for substantial prejudice to any of the original parties and the timeliness of the motion to intervene.

15. "However, it has been held under liberal rules of construction that whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013 is of little practical significance [and that] intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings." *Trent v Jackson*, 129 AD3d at 1062 (internal quotation marks omitted); see *Spota v County of Suffolk*, 110 AD3d at 786; *Global Team Vernon, LLC v Vernon Realty Holding, LLC*, 93 AD3d at 820; *Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d at 843. "In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party." *Wells Fargo Bank, N.A. v McLean*,

70 AD3d 676, 677 (2010); see *American Home Mtge. Servicing, Inc. v Sharrocks*, 92 AD3d 620, 621(2012).

### A. Motion To Intervene Should Be Granted Under CPLR 1012(A)(3)

16. CPLR 1012(a)(3) creates a right of intervention when an action concerns property in which a nonparty has an interest and the nonparty may be adversely affected by the judgment. McKinney's CPLR 1012.

17. In the early leading case of *Mann v. Compania Petrolera Trans-Cuba, S.A.*, 17 A.D.2d 193 (1st Dept 1962), intervention as a matter of right was recognized where the funds of a Cuban corporation that were on deposit in a New York bank were the subject of an action brought by one of the company's American stockholders. Alleging that the company had been nationalized and dissolved by decree of the Cuban government, he sought distribution of the funds. The corporation was being represented in the New York action by its president, a Cuban exile who, in effect, was willing to consent to plaintiff's requested relief. *Mann*, at 195-196. The Appellate Division held that a nonparty who had been appointed by the Cuban government as the functional equivalent of the corporation's receiver had a sufficient interest in the company's assets to entitle him to intervene and defend against plaintiff's claims. *Mann*, at 200.

18. Here, similarly as in *Mann*, the president of the defendant company cannot adequately represent and protect the company's property because of his alleged breach of fiduciary duty, fraud and collusion and this foreclosure action involves disposition of the pledged real property held by the company, therefore, as shareholders of Haight Realty, Mr. Chau and Mr. Chen are entitled to intervene and defend against plaintiff's claims pursuant to CPLR 1012(a)(3).

### B. Motion To Intervene Should Be Granted Under CPLR 1013

19.     The motion to intervene should be granted because the intervenors have real and substantial interest in the outcome of this action and this motion to intervene is timely and will not prejudice the rights of any of the parties.

20.     First, as shareholders of Haight Realty, Chau and Chen have "real and substantial interest in the outcome of the proceedings" since the real property to be foreclosed on is the major asset of the defendant Haight Realty and the Court's grant of the foreclosure will make Chau and Chen's shares in Haight Realty worthless. See Chau's Aff. at ¶3; Chen's Aff. at ¶3.

21.     Second, since the instant action is still at its initial stage, the proposed intervention is timely and will not cause undue delay for the determination of this action. *Scharf v Idaho Farmers Mkt. Inc.*, 2013 NY Slip Op 31043[U], *3 (Sup Ct, NY County 2013).

22.     Third, proposed defendants' intervention will not prejudice the rights of any of the parties in this proceeding, and, in fact, will assist the Court by supplementing its understanding of the facts and circumstances surrounding the subject loan transaction, the validity of the Notes and Mortgages to be foreclosed.

### C. Fraud And Collusion Are Alleged In The Proposed Answer

23.     In the proposed Answer with Crossclaims and Counterclaims, the intervenors alleged that Zhu committed breach of fiduciary duty, fraud and collusion by entering into loan transactions and pledging Haight Realty's major assets as collateral, without the company's authorization and without notifying other shareholders and board of directors. See the proposed Answer's Counterclaims at ¶¶31-32 in **Exhibit B**.

24.     And according to the proposed Answer, the plaintiff Lender is also at fault: "[p]laintiff Lender knew or should have known that the acquisition of the Premises through Unauthorized Transactions I and II in lieu of foreclosure was a "suspicious" circumstance, since

Automated City Register Information System (ACRIS) has properly recorded a previous mortgage and note between Haight Realty and Cathy Bank, where Wing Fung Chau, instead of Zhu, signed the mortgage on behalf of Haight Realty as the President. Attached hereto as Exhibit '1' is a copy of the mortgage recorded in ACRIS" and "[h]ad Lender exercised reasonable diligence in searching the public record, it would have determined that Zhu was not authorized to enter into transactions to obtain loan or to pledge corporate assets as collateral. Lender had assisted Zhu in a scheme to deprive Chau or Chen of their equity interest in Haight Realty by stripping Haight Realty of its major asset, and using that asset as the sole collateral to obtain loans for the sole benefit of Zhu and to the exclusion of Chau, Chen and Haight Realty." See the proposed Answer's Counterclaims at ¶¶38-39 in **Exhibit B**.

25. Therefore, the intervenors' motion should be granted.

26. No previous application for the relief sought herein has been made.

Dated: Queens, New York
December 18, 2018

KEVIN KERVENG TUNG, P.C.
Attorneys for the proposed
intervenors-defendants

By: Kevin K. Tung, Esq.
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
(718) 939-4633