Scott J. Bogucki, Esq.
GLEICHENHAUS, MARCHESE & WEISHAAR, PC
43 Court Street, Suite 930
Buffalo, New York 14202
Tel: 716/ 845-6446
Fax: 716/ 845-6475
sbogucki@gmwlawyers.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **41-23 HAIGHT STREET REALTY, INC.,** | No. 19-43441-NHL |
| Debtor. | Hon. Nancy Hershey Lord |

**OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME FOR THE HEARING TO CONSIDER STIPULATION AND ORDER: (I) FIXING AND ALLOWING THE CLAIMS OF 41-31 HAIGHT STREET LENDER LLC; (II) AUTHORIZING THE CHAPTER 11 TRUSTEE TO PAY AND SATISFY IN FULL LENDER'S CLAIM FROM SALE PROCEEDS; AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

        The Official Committee of Unsecured Creditors (the "Committee"),[1] of the above-captioned

debtor (the "Debtor"), by and through its undersigned counsel, Gleichenhaus, Marchese & Weishaar,

---

[1] Capitalized terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the *Order Confirming the Sale of the Debtor's Real Property to JCBD Investment Inc./Jinyu Zhang or Its Designee as the Successful Purchaser at the Virtual Public Auction Held on August 5, 2020 Free and Clear of All Liens, Claims, Encumbrances and Other Interests and Related Relief* (the "Sale Order") [ECF No. 262].

PC, by its application (the "Application"), seeks entry of an Order (the "9019 Scheduling Order"), pursuant to rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Rules"), and rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), shortening the time for the Committee's motion (the "9019 Motion"), seeking entry of an Order, pursuant to section 105(a) of title 11 of the United States Code (the "Code") and Rule 9019(a), approving the Stipulation and Order (I) Fixing and Allowing the Claims of 41-31 Haight Street Lender LLC; (II) Authorizing the Chapter 11 Trustee to Pay and Satisfy in Full Lender's Claim from Sale Proceeds; and (III) Granting Related Relief, dated as of August 26, 2020 (the "Lender Settlement Agreement"), by and among Gregory M. Messer, solely in his capacity as the Chapter 11 Trustee (the "Trustee"), the Committee, solely on its behalf and not on behalf of each of its members, and 41-31 Haight Street Lender LLC (the "Lender"), and granting such other, further and different relief as this Court deems just and proper, with the 9019 Motion filed contemporaneously herewith and incorporated by reference as if set forth fully herein, and in support of this Application, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      The Committee is proceeding by Order scheduling a hearing on shortened notice to seek the entry of an Order approving the Lender Settlement Agreement because, among other reasons: (a) the Court held a hearing on August 6, 2020, after which the Sale Order was entered on August 13, 2020, which confirmed the results of the virtual public auction and the terms of the sale of the Debtor's Real Property to the Successful Purchaser; (b) as of the date of this Application, the Successful Purchaser has complied with the deadlines and other conditions of the Revised Sale Terms, including paying to the Debtor's estate all necessary monies and the Buyer's Premium, and had originally anticipated closing the sale on or about August 25, 2020; (d) the Purchaser has since

2

requested an extension of the deadline to close to no later than September 14, 2020, together with providing an additional $2,810,000 deposit and with time remaining of the essence; (e) pursuant to prior Orders entered by the Court, together with the Sale Order, the Lender is to be paid its claim and will be satisfied in full within three (3) business days after the proceeds of the sale have cleared the Trustee's account; and (f) the Lender Settlement Agreement provides for the Lender's claim to be fixed and allowed and to be paid and satisfied in full in an amount less than its claim in order to provide the Committee the ability to investigate and pursue potential claims against and related to the Debtor's current and former principals, as well as non-Lender entities, all of which shall be set forth in greater detail in the forthcoming Plan of Reorganization.

2.      For all of the above reasons, the Committee submits that a hearing on shortened notice of the 9019 Motion is in the best interests of the Debtor's estate and its creditors.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief sought in this Application include Code sections 105 and 9019, Rule 9006(c), and Local Rule 9077-1(c).

## BACKGROUND

6.      The procedural and factual background is more fully set forth in the 9019 Motion, which is being filed contemporaneously herewith and is incorporated by reference as if set forth fully herein.

7.      For the purposes of this Application, the Committee submits that entering into the

Lender Settlement Agreement on an expedited basis will ensure that the Lender's claim is paid in full after it has agreed to have its claim fixed and allowed, and paid in an amount less than its claim, in order to fund the Committee's post-confirmation investigation into potential claims against and related to the Debtor's current and former principals, as well as non-Lender entities.

## **RELIEF REQUESTED AND BASIS FOR RELIEF**

8.      By this Application, the Committee seeks entry of the Scheduling Order shortening the notice period for the 9019 Motion.  A copy of the proposed Scheduling Order is attached as Exhibit A.

9.      Pursuant to Rule 9019(a), upon motion and after notice and a hearing, the Court may approve a compromise or settlement.  *See* FED. R. BANKR. P. 9019(a).  Rule 9019(a) contemplates motions seeking compromise are to be filed by the trustee, which is typically the debtor in possession. *See Smart World Techs., LLC v. Juno Online Servs. (In re Smart World Techs., LLC)*, 423 F.3d 166, 74, n. 10 (2d Cir. 2005).  Where the debtor in possession has been displaced by a chapter 11 trustee, the authority to propose settlements no longer rests with the debtor.  *See id.* at 175–76.  Here, the Trustee, the Committee, and the Lender have all consented to the terms of the Lender Settlement Agreement, and together the parties agree that it is in the best interests of the Debtor's estate, its creditors, and other parties in interest that the Court approve the Lender Settlement Agreement's terms on an expedited basis in order to continue facilitating an efficient and orderly administration of the estate.

10.     Notice is governed by Rules 9019(a), 2002(a)(3), and 2002(i).  Rule 9019(a) requires notice be given as provided in Rule 2002 to creditors, the United States Trustee, the debtor, any indenture trustee and to other entities as are directed by the court.  *See* FED. R. BANKR. PRO. 9019(a). Rule 2002(a)(3) provides for 21 days' notice by mail of "the hearing on approval of a compromise or settlement of a controversy, … unless the court for cause shown directs that notice not be sent."  *See*

FED. R. BANKR. P. 2002(a)(3). Rule 9006(c) and Local Rule 9077-1(c) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce such notice periods. *See* FED. R. BANKR. P. 9006(c). Pursuant to Rule 9007, the Court has authority to determine the time within which, and the form and matter in which, notice shall be given, which includes the authority to determine appropriate notice for conducting a hearing on the 9019 Motion and the Lender Settlement Agreement. *See* FED. R. BANKR. P. 9007.

11.    The Committee submits that cause exists for the 9019 Motion to be heard on an expedited basis. Prompt consideration of the 9019 Motion will provide the Lender finality in determining, fixing, and allowing its claim and providing for its payment, while the Trustee and Committee will be allowed to proceed with the continued orderly administration of the estate, including the investigation and pursuit of potential claims against and related to the Debtor's current and former principals, as well as non-Lender entities.

12.    The Committee proposes that the 9019 Motion, with its exhibits, and a copy of the 9019 Scheduling Order be served by electronic mail, or by overnight mail if necessary, upon the following parties and that such service be deemed adequate:

    i.    The Debtor, through its counsel;

    ii.    The United States Trustee;

    iii.    Entities who have filed a Notice of Appearance in this case and requested notice under Rule 2002; and

    iv.    Individuals and entities who filed proofs of claim against the Debtor's estate.

13.    The Committee submits that such notice and service is reasonable under the circumstances.

## NO PRIOR REQUEST

14.     No prior request for the relief sought herein has been made to this or any other court.


**WHEREFORE**, the Committee respectfully requests the entry of the 9019 Scheduling

Order, together with such other and further relief as the Court deems just and proper.


Dated:     August 26, 2020
            Buffalo, New York


                 **GLEICHENHAUS, MARCHESE & WEISHAAR, P.C.**


                      /s/ Scott J. Bogucki, Esq.
                ――――――――――――――――――――

By:     Scott J. Bogucki, Esq.
        43 Court Street, Suite 930
        Buffalo, New York 14202-3100
        Tel.  716/ 845-6446
        Email   sbogucki@gmwlawyers.com

        *Counsel to the Official Committee of Unsecured Creditors*

Scott J. Bogucki, Esq.
GLEICHENHAUS, MARCHESE & WEISHAAR, PC
43 Court Street, Suite 930
Buffalo, New York 14202
Tel:  716/ 845-6446
Fax:  716/ 845-6475
sbogucki@gmwlawyers.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **41-23 HAIGHT STREET REALTY, INC.,** | No. 19-43441-NHL |
| Debtor. | Hon. Nancy Hershey Lord |

**AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1**

Scott J. Bogucki, Esq., an attorney duly admitted to practice before this Court, affirms under

penalty of perjury:

1.      I am a partner of the law firm Gleichenhaus, Marchese & Weishaar, PC, counsel to

the Official Committee of Unsecured Creditors (the "Committee"),[2] of the above-captioned Debtor.

2.      I submit this Affirmation in accordance with Local Rule 9077(1) in support of the

Committee's *ex parte* application ("Application"), seeking entry of an Order scheduling a hearing on

shortened notice of the Committee's 9019 Motion which seeks entry of an Order, pursuant to Code

---

[2]  Capitalized terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the *Order Confirming the Sale of the Debtor's Real Property to JCBD Investment Inc./Jinyu Zhang or Its Designee as the Successful Purchaser at the Virtual Public Auction Held on August 5, 2020 Free and Clear of All Liens, Claims, Encumbrances and Other Interests and Related Relief* (the "Sale Order") [ECF No. 262].

section 105(a) and Rule 9019(a), approving the Lender Settlement Agreement, and granting such other, further and different relief as this Court deems just and proper, with the 9019 Motion filed concurrently herewith and incorporated by reference as if set forth fully herein.

3.     As set forth in the Application, the Committee is proceeding by Order scheduling a hearing on shortened notice rather than by notice of motion for several reasons important to the administration of the Debtor's estate.  On July 17, 2020, the Committee was appointed by the United States Trustee, and since that time has monitored and participated as a party in interest in an expedited sale process of the Debtor's real property.  As part of the process, Committee counsel has participated in numerous and lengthy discussions with the Trustee and the Lender regarding various aspects of the case in light of the Committee's statutory duties, which have resulted in the Lender Settlement Agreement.  As part of the terms of the Lender Settlement Agreement, the Lender has agreed that its claim be fixed, allowed, and paid pursuant to the Sale Order, which will result in $425,000 being set aside for the Committee to continue pursuing its investigation post-confirmation.  As consideration for certain of the Lender's concessions in the Lender Settlement Agreement, the Committee and the Trustee agree that it would be in the best interests of the Debtor's estate, its creditors, and other parties in interest of the Lender's claim were paid and satisfied in full in a timely manner pursuant to the Sale Order, in order to facilitate the efficient and orderly administration of the estate.

4.     For these and the reasons set forth in the Application, the Committee requests entry of the 9019 Scheduling Order scheduling a hearing on shortened notice of the 9019 Motion.

5.      No previous request for relief sought by the Committee has been made to this or any

other Court.

Dated:    August 26, 2020
          Buffalo, New York

**GLEICHENHAUS, MARCHESE & WEISHAAR, P.C.**


_____
             /s/ Scott J. Bogucki, Esq.


By:    Scott J. Bogucki, Esq.
       43 Court Street, Suite 930
       Buffalo, New York 14202-3100
       Tel.  716/ 845-6446
       Email   sbogucki@gmwlawyers.com

*Counsel to the Official Committee of Unsecured Creditors*